In re: Appeal Estate of Farwell W. Perry, Late of Wallingford, Vt., No. 573-7-10 Rdcv (Teachout, J., Jan. 18, 2011)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

SUPERIOR COURT                           CIVIL DIVISION
RUTLAND UNIT                             Docket # 573-7-10 Rdcv


IN RE: APPEAL                              )
ESTATE OF FARWELL W. PERRY,                )
LATE OF WALLINGFORD, VERMONT               )


### Issue in Probate Court of Motion to Dismiss Petition to Allow Codicil

**Motions in Civil Division:**
**1) Motion to Dismiss, filed September 8, 2010**
**2) Motion for Judgment on the Pleadings, filed September 23, 2010**

On June 16, 2010, the Probate Court had before it a pending Petition to Allow Codicil. Also pending was a motion to dismiss that petition and a motion for summary judgment pertaining to it. A hearing was held on an unrelated matter, but the subject of the pending motions came before the court, the Hon. Kevin Candon presiding. Counsel for the Decedent's daughter had filed the motion to dismiss the petition and motion for summary judgment, arguing that a petition to allow a codicil was out of time and impermissible. She urged the court to grant her motion and dismiss the petition without scheduling a hearing on it. Counsel for the Decedent's sons, who had filed the petition to allow the codicil, opposed the motion to dismiss it and sought an evidentiary hearing on the petition itself, arguing that the right to pursue such a petition had been preserved.

Judge Candon issued an Order on June 30, 2010. Judge Candon denied the daughter's Motion to Dismiss and Motion for Summary Judgment, and ordered that the Decedent's sons "may proceed on their Petition to Allow Codicil." This is the Order from which Decedent's daughter has taken this appeal.

Attorney Kennelly, on behalf of the Decedent's sons, has moved to dismiss the appeal on the grounds that there is not a final appealable order, as the Probate Court has not yet issued a decision allowing or disallowing the codicil. Attorney Boepple, on behalf of the Decedent's daughter, has moved for judgment on the pleadings on the grounds that Judge Candon's ruling "fully resolves a discrete issue, namely, whether the Decedent's sons should be permitted to attack [an order allowing a will] collaterally with their [petition to allow codicil]." She argues that the ruling thereby qualifies as an appealable order, and urges the court to rule on the pleadings that such a collateral attack is precluded as a matter of law. The administrator c.t.a. supports the daughter's position, noting that unless this court rules as a matter of law, lengthy litigation is likely.

Normally family members who stipulate to allowance of a will, knowing of the existence of a separate document claimed to be a codicil, would not be able to

subsequently attack the terms of the will by later petitioning for the allowance of the purported codicil. Any ruling of the Probate Court permitting such a collateral attack to proceed would be a final order as to that dispositive issue, and would be appealable, as argued by the daughter here. For that reason, the court denies the sons' motion to dismiss this appeal.

As to the daughter's motion for this court to decide the merits of the appeal on the pleadings as a matter of law, the court hereby does so, but not with the result urged by the daughter. Attorney Boepple's argument would, absent special circumstances, prevail, as without a procedural bifurcation in the Probate Court of the issues of allowance of the will and consideration of a petition to allow a codicil in the form of a document known of at the time of allowance of the will, an out-of-time petition to allow a codicil would be denied as a matter of law for the reasons argued by Attorney Boepple in her memoranda.

Here, however, Judge Candon was clear about the reason for denying the motion to dismiss and the motion for summary judgment in the Probate Court: he relied in August of 2009 on the representation of the parties' attorneys, both express and by tacit consent, that there was an agreement among the parties to consent to allowance of the 2008 will, eliminating the need for a scheduled hearing that was imminent, and to hold in abeyance the issue of whether a hearing would be needed to decide whether the alleged codicil would also be allowed. While normally a will may not be allowed without simultaneous consideration of a claimed codicil, the parties to this case chose to bifurcate the issue of the allowance of the 2008 will from the issue of the allowance of the disputed codicil by agreement, and the court honored and approved that agreement to bifurcate.

Attorney Boepple claims that there was no agreement, but Judge Candon had every reason to believe that there was such an agreement, and no one notified the court otherwise. The letter faxed to the court by Attorney Eggleston clearly describes such an agreement: "The several parties have reached an agreement to allow the Last Will and Testament of Farwell Wilmont Perry dated October 31, 2008. . .The several parties have agreed to hold in abeyance the need to hold a hearing on the allowance of the purported codicil to the will dated March 2, 2009." This agreement was represented to the court as the basis for cancelling the scheduled hearing, and no attorney raised an objection to the representation of Attorney Eggleston. They all consented to the cancellation, and no one objected to the stated reason for the cancellation, or the fact that there was an agreement. While the letter from daughter's counsel merely states that she consents to the cancellation, this cannot reasonably read as an implicit objection to the statement concerning an agreement or its terms, or to postponement of a hearing on allowance of the codicil. The Probate Court was entitled to rely on the only reasonable inference from such a communication, which was a concurrence with the representation of Attorney Eggleston.

The effect of the agreement was to allow bifurcation of the hearings on allowance of the 2008 will and the disputed codicil, and to reserve for the future any need for hearing on the allowance of the disputed codicil.

2

The representation that there was an agreement, and that it reserved for the future a hearing on allowance of the purported codicil, is clear. Attorney Eggleston's letter is not vague or ambiguous. On the other hand, if any attorney believed, between August 27 and August 31 of 2009, that Attorney Eggleston had inaccurately represented to the court an agreement among the parties, the clear opportunity was there to object at the time so that the issues could be clarified. That would have given Judge Candon the opportunity to decide on a deadline for filing any petition to allow the codicil, or decline to allow the 2008 will until the issue of the codicil was resolved and continue the hearing, or schedule a status conference to address how to proceed, or take some other course of action.

Instead, no objection to the representation of an agreement was made, and Judge Candon reasonably relied on the representation in carrying out the terms of the parties' agreement to bifurcate. As he states in his order, he relied on the representation and honored the parties' agreement to bifurcate and preserve the issue of the codicil not only because of the fact that there was an agreement to do so, but because the stated reason for it made sense as matter of policy: to give the parties maximum opportunity to work out important family matters on their own. While the agreement was not included in a pleading, it was a statement to the court by an attorney on which the court was entitled to rely, just as the court was entitled to rely on Attorney McCann's representation to the court in her cover letter concerning procedure for a bond.

Both parties describe the actions of the other party in terms of motives and strategic decisions made in relation to other events, such as action in the Connecticut probate court. Such considerations are not relevant to this court's analysis of the merits of the June 30, 2010 order. The question is, on June 30, 2010, what was the state of the record before the Probate Court as to what occurred in August of 2009 and thereafter regarding the issue of the purported codicil. The record shows that Judge Candon reasonably understood that as of August 31, 2009, there was an agreement to hold in abeyance the need for a hearing on allowance of that document as a codicil, and that between August 31, 2009 and June 16, 2010, there had been no change. Based on that record, this court concurs with Judge Candon's ruling to deny the motion to dismiss the petition to allow a codicil on the grounds that the parties had agreed in August of 2009 to bifurcate it from the allowance of the 2008 will, and to reserve it for future consideration and hearing.

By failing to speak up in August of 2009 and object to the clear representation that there was an agreement to bifurcate the allowances of the two documents and to preserve the opportunity to address the codicil issue at a later time, a representation that would be and was relied on by the court, the daughter essentially waived her right to make the argument she now asserts: that the sons' petition to allow the codicil was untimely.

This court cannot rule that it was error for Judge Candon to rely on the information in front of him, which was a representation made to him by an attorney as officer of the court and acquiesced by all other attorneys as officers of the court, that cancellation of the hearing was based on an agreement to allow the 2008 will and

3

preserve for the future the opportunity of a petition to allow the codicil. This court concludes, as Judge Candon did, that the issue of whether the purported codicil would be allowed was properly preserved, and the motion to dismiss the sons' Petition to Allow Codicil must be denied, along with the motion for summary judgment. To do otherwise would be unfair to the sons, who could have taken other steps if they had reason to expect that there would later be an objection to the terms of the agreement described in Attorney Eggleston's letter. The representation of the agreement, with no objection raised, was reasonably relied on by them.

The daughter and administrator c.t.a. request this court to rule as a matter of law on the merits of whether the purported codicil should be allowed. The Probate Court has not yet had a chance to address this issue, and it is one that is squarely within the jurisdiction of the Probate Court. Thus, this court declines to consider the arguments on the merits of this issue.

## Order

For the foregoing reasons,

1)  The sons' Motion to Dismiss filed September 8, 2010 is *denied,*
2)  The daughter's Motion for Judgment on the Pleadings filed September 23, 2010 is *granted* in favor of the Appellees, and
3)  The case is remanded to the Probate Court for further proceedings

Dated at Rutland, Vermont this 14th day of January, 2011.

_____
Mary Miles Teachout
Superior Court Judge

4